LARRY C. IVERSON, INC. ET AL., APPELLANTS, v. UNITED BANK OF PUEBLO, A COLORADO BANKING CORPORATION (PLAINTIFF IN PONDERA COUNTY CIVIL ACTION 822), ET AL., RESPONDENTS.

No. 12126.
Decided Oct. 13, 1971.
490 P.2d 352.

**ORDER**

PER CURIAM:

Findings of fact, conclusions of law and order were filed in these consolidated cases on April 9, 1971, the order providing in paragraph 13: "That as to all matters not of a con-

tinuing nature, for the purpose of administration of the receivership, this order is a judgment, and is final upon entry."

Exceptions thereto were filed by one of the plaintiffs and certain of the defendants. The court denied the exceptions of the defendants but granted certain of those requested by one of the plaintiffs, the court's order being dated May 4, 1971. All motions filed pursuant to the provisions of Rule 59, M.R.Civ.P. were thereafter heard by the court and the same were ruled upon and an order entered by the court on June 7, 1971.

On July 11, 1971, the clerk of the district court of Pondera County executed a notice of entry of order under Rule 59, M.R.Civ.P. notifying the parties and their counsel of record that a copy of the order, heretofore referred to, dated June 7, 1971, filed June 9, 1971, was mailed to all parties by the clerk on June 9, 1971.

A notice of appeal, dated July 7, 1971, was executed by counsel for certain of the defendants, filed and served by mail upon counsel for the plaintiffs and a nonappealing defendant.

On August 27, 1971, the clerk of the district court executed a certificate setting forth that an undertaking on appeal had been filed on July 19, 1971, but no other filings had been made; further that no request for preparation of any portion of the record on appeal had been received by that office at any time from any appellant or any other party and, further, that no application for any extension of time, nor order granting any extension had been filed.

The clerk of the district court also executed an affidavit on August 27, 1971, wherein it was averred that at the specific request of John C. Treadaway or J. Milton Krull, certain copies of various documents on file in these causes had been prepared and that the charges for such copies was the amount of $81.00, for which demand had been made but no payment had been received.

On August 27, 1971, the court reporter who took the proceedings in shorthand in these cases executed an affidavit setting forth that a portion of the shorthand notes had been transcribed and reduced to a transcript and copies furnished to John C. Treadaway and J. Milton Krull at their request and invoice had been forwarded covering the reasonable charges therefor, amounting to $332.00 for which demand had been made but no payment had been received. Further, that under the provisions of Rule 9, M.R..App.Civ.P. no satisfactory arrangements for payment of the cost of a transcript have been made, nor has any transcript been ordered.

On September 1, 1971, counsel for the appealing defendants filed a motion to withdraw as counsel on the ground and for the reasons that the defendants have failed and refused to pay the court reporter for the preparation of a transcript on appeal and therefore said attorneys are unable to perfect the appeal and therefore unable to continue as counsel of record for the defendants. Such counsel have also advised the Court that they have never been paid for their services in these causes.

On September 1, 1971, the respondents filed a motion to dismiss the appeal upon the following grounds:

1. Said appeal has not been taken in conformity with the Montana Rules of Appellate Civil Procedure in the following particulars:

a. The transcript of the trial of said consolidated causes was not ordered within ten days after filing notice of appeal or at all, contrary to the provisions of Rule 9(b), M.R.App.Civ. P.

b. The clerk of said district court has not been requesteed to prepare or transmit the record on appeal.

c. Appellants have failed to cause the record on appeal or any part thereof to be transmitted to this Court within forty days from the filing of notice of appeal or at all, contrary to the provisions of Rule 10, M.R.App.Civ. P.

d. Appellants have failed to docket their said appeal in this Court or pay the fee therefor within the time allowed by Rule 11, M.R.App.Civ.P. or at all.

e. No extensions of time have been requested by appellants or granted by this Court of said district court in respect of any of the above described omissions, and the time allowed by the Rules of this Court for the accomplishment of the omissions described in each of the foregoing subparagraphs hereof has expired.

2. This motion is made and supported by the following:

a. The certificate of Sarah Rowe, Clerk of the district court of the ninth judicial district, in and for the County of Pondera, containing the information specified in Rule 11(c), M.R.App.Civ.P.

b. The affidavit of said Sarah Rowe.

c. The affidavit of W. J. May, official court reporter for the district court of the ninth judicial district, in and for the County of Pondera.

On September 9, 1971, respondents filed a memorandum in opposition of counsel for appellants to withdraw as counsel.

Thereafter counsel for the appealing defendants advised the chief justice of this Court that the defendants would soon secure other counsel and requested that a reasonable period of time be allowed for that purpose. The chief justice assented and the matter remained in status quo until now.

The defendants attempted to secure counsel in Montana to make a special appearance solely for the purpose of resisting the motion to dismiss. These counsel discussed the matter with the chief justice of this Court who advised them that under no circumstances would counsel be permitted to make a special appearance to resist the motion to dismiss and that if they appeared it would be for all purposes. These counsel then under date of September 22, 1971, advised John C. Treadaway by letter that in these circumstances, because of the

press of business in their office, they would not prosecute the appeal.

It is to be noted here that the extension of time granted by this Court was for the purpose of securing counsel to replace present counsel who had filed a motion to withdraw.

The chief justice has now received a letter dated October 8, 1971, from counsel located in the State of Arizona seeking advice as to what would be required for an appearance in this appeal.

In view of the situation existing, as hereinbefore outlined, it is apparent nothing but delay has ensued since a reasonable time was allowed by this Court for the purpose of securing new counsel. Present counsel should not be required to serve further as such, nor should the respondents be subject to further delay, and the matters involved in these causes should be settled and determined.

Since the grounds set forth in the motion to dismiss this appeal are well taken it is ordered that the motion to dismiss be, and it hereby is, granted.

It is further ordered that the motion to withdraw as counsel be, and it hereby is, granted.